Affirmed and Memorandum Opinion
filed April 29, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00014-CR



Ernest Fontenot, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 337th District Court

Harris County, Texas

Trial Court
Cause No. 1017374



 

MEMORANDUM OPINION 

Appellant Ernest Fontenot was convicted of aggravated robbery and sentenced to life imprisonment.  This court affirmed his
conviction.  Fontenot v. State, No. 14-05-01140-CR, 2007 WL 1216537
(Tex. App.—Houston [14th Dist.] Apr. 26, 2007, pet. ref’d).  In the sole issue
now before the court, appellant appeals the trial court’s denial of his motion
for post-conviction DNA testing.  We affirm.

Around 11:00 p.m. on January 27, 2005, appellant
accosted the complainant, a male student, at gunpoint outside his apartment. 
Appellant followed complainant into his apartment and ordered him to remove his
clothes.  Appellant bound complainant’s hands and feet and gathered several
items he would eventually steal.  At some point, appellant returned to
complainant and ordered him to sexually assault himself with various items in
his apartment, including “a CD spindle” and “pens.”  

After conviction, appellant requested DNA testing on
several items, including “one ski mask,” “one [c]ompact [d]isk [t]ower,” “one
Crest brand toothpaste tube,” “one 11.25-ounce bottle of Dial hand soap,” “two
belts,” “one ballpoint pen,” and “one kitchen knife.”  The trial court denied
appellant’s request for post-conviction DNA testing, finding in part that (1)
appellant failed to establish by a preponderance of the evidence that he would
not have been convicted if DNA testing of the existing biological evidence
yielded exculpatory results and (2) the manner and means by which appellant
sexually assaulted complainant—forcing complainant to perform sexual acts upon
himself with substances and objects in complainant’s home—would not reasonably
be expected to produce biological evidence connecting appellant to the
offense.  This appeal followed.

We review a trial court’s denial of a request for
post-conviction DNA testing under a bifurcated standard.  See Esparza v.
State, 282 S.W.3d 913, 921 (Tex. Crim. App. 2009).  We defer to a trial
judge’s findings of fact when they are supported by the record.  Id.  We
also defer to a trial judge’s application of law to fact questions that turn on
credibility and demeanor.  Id.  However, we review pure legal issues de
novo.  Id.

Under article 64.03(a)(2)(A) of the Texas Code of
Criminal Procedure, a convicted person seeking DNA testing must show, among
other things, that by a preponderance of the evidence “the person would not
have been convicted if exculpatory results had been obtained through DNA
testing.”  Tex. Code Crim. Proc. Ann.
art. 64.03(a)(2)(A) (Vernon Supp. 2008).  That standard is not met where
exculpatory results would “merely muddy the waters.”  Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  Nor is the standard met where
the presence of defendant’s DNA would indicate guilt but the absence of
appellant’s DNA would not indicate innocence.  Id. at 60.  Instead,
exculpatory results must tend to prove defendant’s innocence.  Id. at
59.

In the case at hand, the crime took place in
complainant’s apartment.  Therefore, it is likely that any DNA present on the
items to be tested, which were all possessions of the complainant, belongs to
complainant and any of his guests.  The presence of a third party’s DNA would
merely “muddy the waters” and raise questions of whether the third party was
involved in the crime or was merely one of complainant’s guests.  See Jacobs
v. State, 115 S.W.3d 108, 113 (Tex. App.—Texarkana 2003, pet. ref’d)
(holding that even if DNA testing revealed that hair samples came from a third
party, such evidence would “merely muddy the waters by demonstrating that a
third party had, at some point in time . . . been inside” the defendant’s
vehicle).  This is particularly true here because appellant did not use his own
body to sexually assault complainant, making it less likely that appellant’s
DNA would be present.

Appellant has failed to show by a preponderance of
the evidence that he would not have been convicted if DNA testing showed the
presence of another person at the crime scene.  Therefore, the trial court did
not err in denying appellant’s request for DNA testing.  We overrule
appellant’s sole issue.

Having overruled appellant’s sole issue, we affirm
the trial court’s order.

 

                                                                                                                                                                                                                                    

                                                            /s/        Leslie
B. Yates

                                                                        Justice

 

Panel
consists of Justices Yates, Frost, and Brown.

Do Not Publish — Tex.
R. App. P. 47.2(b).